1  EVANGELINE F. GROSSMAN (SBN 176014)
   egrossman@efglawyer.com
2  TONNA K. FAXON (SBN 237605)
   tfaxon@efglawyer.com
3  **EVANGELINE FISHER GROSSMAN LAW**
   330 North Indian Hill Blvd.
4  Claremont, CA 91711
   Telephone: (909) 626-1934
5  *Attorneys for Plaintiffs,*
   DAVID PERRY ASHTON and MARY JANE ASHTON
6
   Carla N. Braunstein (SBN 251198)
7  CBraunstein@wshblaw.com
   Adriana G. Valdez (SBN 347324)
8  AValdez@wshblaw.com
   **WOOD, SMITH, HENNING & BERMAN LLP**
9  1401 Willow Pass Road, Suite 700
   Concord, California 94520-7982
10 Phone: 925.222.3400 ♦ Fax: 925.356.8250
   *Attorneys for Defendant*
11 ALACRITY SOLUTIONS GROUP LLC

12 JOSHUA N. KASTAN (SBN 284767)
   JNK@dkmlawgroup.com
13 KERI L. SALET (SBN 318913)
   KLS@dkmlawgroup.com
14 **DKM LAW GROUP, LLP**
   50 California Street, Ste. 1500
15 San Francisco, CA 94111
   Telephone: (415) 421-1100
16 *Attorneys for Defendant*
   AMERICAN FAMILY CONNECT PROPERTY AND
17 CASUALTY INSURANCE COMPANY

18

19 **UNITED STATES DISTRICT COURT**

20 **EASTERN DISTRICT OF CALIFORNIA**

21 **FRESNO DIVISION**

| | |
|---|---|
| 22 DAVID PERRY ASHTON AND MARY JANE ASHTON, | Case No. 1:25-cv-00643-KES-BAM |
| 23 Plaintiffs, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| 24 v. | |
| 25 AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY; ALACRITY SOLUTIONS GROUP LLC; and DOES 1 TO 50, Inclusive, | Trial Date:    May 11, 2027 |

1  Defendants.

To facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure under or pursuant to federal laws, state laws and/or privacy rights, Plaintiffs DAVID PERRY ASHTON and MARY JANE ASHTON ("Plaintiffs") on the one hand and Defendants ALACRITY SOLUTIONS GROUP LLC ("Alacrity Solutions") and AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY ("American Family") (collectively "Defendants") on the other hand (Plaintiffs and Defendants are, each individually, a "Party" or, collectively, the "Parties") by and through their respective counsel of record, hereby stipulate as follows:

1. <u>Purpose and Limitations</u>. This action is likely to involve the exchange of materials which may contain sensitive and/or private medical information of Plaintiffs; intellectual property, proprietary information, trade secrets, confidential internal processes and any similarly sensitive materials of American Family and Alacrity Solutions; as well as trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The insurance industry is a highly competitive market and disclosing American Family's and Alacrity Solutions' trade secrets and confidential or proprietary information could cause irreparable and significant harm to American Family and Alacrity Solutions and its affiliated companies. This Protective Order is intended to prevent this foreseeable harm and any related unforeseeable harm, as well as balance the Parties' interest in ensuring the production of potentially relevant documents. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

It is the purpose of this Protective Order and the desire of the Parties to make the broadest range of reasonably relevant documents available without waiving any trade secrets, privilege, or otherwise dissemination confidential or proprietary information, and without subjecting the Parties and the court to additional discovery motions.

WOOD, SMITH, HENNING & BERMAN LLP
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925.222.3400 ♦ FAX 925.356.8250

The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in paragraph 5, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the courts to file material under seal. The Parties further acknowledge any such production under this Protective Order does not admit or concede the documents or information are relevant or admissible in this litigation.

The Parties will limit dissemination of any documents and information as set forth in this Protective Order and are materially relying on the requirements and limitations set forth therein.

Additionally, it is the purpose of this Protective Order that the Parties will be provided reasonable assurances that the documents produced subject to this Protective Order:

    a. Will be used in this litigation and this litigation only.

    b. Will not be used for commercial purposes;

    c. Will not be used for non-litigation purposes; and

    d. Will be destroyed by the Parties and/or their counsel at the conclusion of this litigation.

2. <u>Definitions</u>. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding, Case No. 1:25-cv-00643-KES-BAM, filed before the United States District Court, Eastern District of California, Fresno Division.

    b. "Court" means the any judge of the United States District Court, Eastern District of California, Fresno Division, to which this Proceeding may be assigned, including Court staff participating in the Proceeding.

    c. "Confidential" means any information in the possession of a Designating Party (as defined below) that the Parties consider in good faith to contain, reflect, or

1  comment upon trade secrets, proprietary, confidential, privileged, private, personal,
2  sensitive, commercial, financial, or business information.

3      d.    "Confidential Material(s)" means any information (regardless of how it is
4  generated, stored or maintained) or tangible things that qualify for protection under Rule
5  26(c) of the Federal Rules of Civil Procedure, including materials that contain sensitive
6  and/or private medical information of Plaintiffs, internal, non-public, and proprietary
7  materials, trade secret or other confidential research, technical, cost, price, marketing, or
8  other commercial information, which are, for competitive reasons, normally, kept
9  confidential by the parties, as contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).

10     e.    "Designating Party" means the Party that designates Materials as
11 "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

12     f.    "Disclose," "Disclosed," and "Disclosure" mean to reveal, divulge, give, or
13 make available Materials, or any part thereof, or any information contained therein.

14     g.    "Document(s)" means (i) any "Writing," "Original," and "Duplicate," as
15 those terms are defined by Federal Rule of Evidence Code 1001, produced in discovery in
16 this Proceeding; and (ii) any copies, reproductions, or summaries of all or any part of the
17 foregoing.

18     h.    "Information" means the content of Documents or Testimony.

19     i.    "Material(s)" includes, but is not be limited to: documents; correspondence;
20 memoranda; bulletins; customer lists or other material that identify customers or potential
21 customers; price lists or schedules or other matter identifying pricing; minutes; telegrams;
22 letters; statements; cancelled checks; contracts; invoices; drafts; books of account;
23 worksheets; notes of conversations; desk diaries; appointment books; expense accounts;
24 recordings; photographs; motion pictures; compilations from which information can be
25 obtained and translated into reasonably usable form through detection devices; sketches;
26 drawings; notes; reports; instructions; policies; procedures; guidelines; disclosures; cost
27 analysis and timelines; business data, intelligence and analysis; proposals; quotes; other
28 writings; models, prototypes, and other physical objects.

WOOD, SMITH, HENNING & BERMAN LLP
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925.222.3400 ♦ FAX 925.356.8250

j. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

3. <u>Scope</u>. The protections conferred by this Protective Order cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Materia; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any Testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material.

4. <u>Designating Confidential Material</u>. Each party to this litigation that produces or discloses any materials, responses to interrogatories and requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

a. <u>Exercise of Restraint and Care in Designating Confidential Material</u>. A Party or non-party subject to this Protective Order may only designate documents or other information in this action as "CONFIDENTIAL" if the Designating Party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

Any party or non-party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of the Designating Party, the information is among that considered to be most sensitive by the Party, including but not limited to internal, non-public, and proprietary material, trade secret or other confidential research, development, financial or other commercial information, and includes private information pertaining to Defendant's employees, current and former, including contact and other personally identifiable information, for which the Parties or any third party have a duty to maintain confidentiality.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection, that Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

b. <u>Manner and Timing of Designation.</u> Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced; provided, however, that if a non-Party produces Materials in response to a subpoena, deposition notice, demand or other legal process issued by a Party to this action without a "Confidential" designation, any Party may subsequently designate one or more such documents as "Confidential" within a reasonable period of time not to exceed thirty (30) days, as set forth in paragraph 6 below. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

i. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Materials.

ii. For Testimony given in depositions the Designating Party may either:

A. Identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential"; or

B. Designate the entirety of the Testimony at the deposition as "Confidential" before the close of the deposition, with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information shall be separately bound by the court reporter, who must affix to the top of each

page the legend "Confidential," as instructed by the Designating Party.

          iii.    For Information produced in some form other than Documents, and for any other tangible items, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or, if not reduced to hard-copy form, may designate any such Information as "Confidential" by cover letter or email specifying the Information being so designated. If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify and designate only the "Confidential" portions.

          iv.    Only those persons authorized by this Stipulation and Protective Order may be present for, or review, those portions of any deposition during which Materials designated as "Confidential" are used or disclosed.

5.    <u>Acknowledgement of Procedure for Filing Under Seal</u>. The Parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

6.    <u>Challenging Confidentiality Designations</u>. In the event that counsel for a Party receiving Documents, Testimony, or Information designated as "Confidential" objects to such designation with respect to any or all such items, said counsel shall advise counsel for the Designating Party, in writing, of its objections, the specific Documents, Testimony, or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall then have ten (10) business days from receipt of the written Designation Objections to agree in writing to de-designate the Documents, Testimony, or Information. If the Parties are unable to reach agreement, either Party thereafter may file at any time a motion with the Court, either seeking removal of the "Confidential" designation based on the Designation Objections (in the case of the receiving Party), or seeking to uphold the "Confidential" designation despite the Designation Objections (in the case of the Designating Party) (the "Designation Motion"). Pending a final resolution by the Court or, if

applicable, a court of appeal, of any Designation Objections or Designation Motions, existing designations on the Documents, Testimony, or Information at issue shall remain in place. Regardless of which Party files the Designation Motion, the Designating Party shall have the burden of demonstrating and establishing the applicability of its "Confidential" designation. In the event that there is good cause to request that any such motion be heard on shortened time, any Party may on notice seek an order shortening time for the hearing on any Designation Motion.

7. <u>Access To and Use of Confidential Materials</u>.  Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a. The Parties;

    b. The author(s) of the Confidential Materials and the Designating Party and its employees;

    c. The Court and its staff, as well as any mediator, arbitrator, settlement judge, or referee agreed to by the Parties or assigned by the Court;

    d. The attorneys of record in the Proceeding and the affiliated attorneys, paralegals, clerical staff, and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party;

    e. The Parties' in-house attorneys and any paralegals, clerical staff, and secretarial staff employed by such attorneys;

    f. Those officers, directors, partners, members, employees, and agents of all non-Designating Parties that counsel for such non-Designating Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding, including outside photocopying, data processing, graphic production, stenographers, or videographers utilized by the Parties or their counsel to assist in this Proceeding;

    g. Court reporters and videographers in this Proceeding (whether at depositions, hearings, or any other proceeding);

    h. Any deposition, trial, or hearing witness in the Proceeding who, prior to the filing of this Proceeding, had access to the Confidential Materials, or who is currently or was

previously an officer, director, partner, member, employee, or agent of an entity that, prior to the filing of this Proceeding, had access to the Confidential Materials;

   i. Any deposition, trial, or hearing witness in the Proceeding who, prior to the filing of this Proceeding, did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to the terms of this Stipulation and Protective Order. On application of a Party, the Court may order that this Stipulation and Protective Order applies to all or any portion(s) of a witness's testimony, whether or not that witness has signed the Certification Regarding Confidential Discovery Materials attached hereto as Exhibit A;

   j. Mock jury participants who sign the Certification Regarding Confidential Discovery Materials attached hereto as Exhibit A; and

   k. Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at trial or any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such experts or expert consultants, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such persons, shall explain its terms to such persons, and shall secure the signature of all such persons on the Certification Regarding Confidential Discovery Materials attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such experts or expert consultants, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

   l. Any other person that the Designating Party agrees to in writing.

Confidential Materials shall be used by the persons receiving them solely for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting or defending the Proceeding and shall in no event be used for any business, competitive, personal, private, public, or other purpose, except as required by law.

The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order at an appropriate time.

When any Confidential Materials, or Information derived from Confidential Materials, are included in any motion or other proceeding, the Party including such Confidential Materials shall follow and comply with those rules. Should counsel for any Party desire to use Confidential Materials, or any portion or summary thereof, during any pretrial proceedings held in open court, counsel shall make reference to the confidentiality thereof in advance, and counsel for the Designating Party may request that any portion of the transcript containing any reference to Confidential Materials be filed under seal with the Court pursuant to this Stipulation and Protective Order.

8. <u>Unauthorized Disclosure of Confidential Material</u>. If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized by this Order, the receiving Party must immediately (a) notify in writing that the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material, (c) inform the person or person(s) to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the Certification that is attached hereto as Exhibit A.

9. <u>Inadvertent Production</u>. The inadvertent production by any of the undersigned Parties, or by non-parties to the Proceeding, of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation shall be without prejudice to any claim that such item is "Confidential", and such Party shall not be deemed to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within five (5) business days of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Within five (5) business days of receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information may either:

1         a.    destroy the inadvertently produced Document, Testimony, or Information and, to the extent practicable, all copies thereof; or

        b.    at the expense of the Designating Party, return to counsel for the Designating Party such inadvertently produced Document, Testimony, or Information and, to the extent practicable, all copies thereof; or

        c.    commence the process set forth in paragraph 8, below.

This provision is not intended to apply to any inadvertent production of any Information protected by the attorney-client or attorney work-product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law shall govern.

10. <u>Non-Party's Confidential Material Sought to be Produced</u>. The terms of this Protective Order are applicable to information produced by a non-party in this Proceeding and designated as "CONFIDENTIAL." Any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties. Provided that a copy of this Stipulation and Protective Order has been provided to the producing non-Party, any such designation shall also function as a consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

11. <u>Confidential Material Subpoenaed or Ordered Produced in Other Litigation</u>. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other legal process from any government or other person or entity ("Subpoena") that may be reasonably interpreted as commanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice by email of the same to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of such notice, the Designating Party may, in its sole discretion and at its own cost, timely move to quash or limit the Subpoena and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity. The recipient of the Subpoena may

not produce any Documents, Testimony, or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena or, if a motion to quash or limit the Subpoena is timely filed and pending, until after a final order has been entered denying such motion.

12. <u>Violation</u>. Any Party to this action may file a motion requesting the Court to sanction or hold in contempt of Court anyone who violates the terms of this order. Prior to filing any such motion, counsel for the moving Party shall confer in person, by telephone, or by letter with the person(s) who is/are the subject of such motion in a reasonable and good faith attempt to informally resolve the dispute. Any such motion shall be accompanied by a declaration stating facts showing compliance with this paragraph 12.

13. <u>Final Disposition and Return of Documents</u>. Upon written request made within thirty (30) calendar days after the settlement or conclusion of the Proceeding (including all appeals), the undersigned Parties shall have thirty (30) calendar days to either: (a) return to opposing counsel all Confidential Materials of the opposing Party and all copies thereof (except that counsel for each Party may maintain an archive file copy); or (b) destroy all Confidential Materials of the opposing Party and all copies thereof (except that counsel for each Party may maintain an archive file copy); or (c) agree with opposing counsel on an alternative appropriate method for the disposition of Confidential Materials. Counsel for each Party shall confirm in writing to counsel for each other Party that they have complied with the requirements of this paragraph.

14. <u>Miscellaneous</u>. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a. Operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential, or competitively sensitive business, commercial, financial or personal information; or

    b. Prevent the exercise, or prejudice, the right of any Party or any other person subject to the terms of this Stipulation and Protective Order:

        i. To seek a determination by the Court of whether any particular Confidential Materials are subject to the protections of this Stipulation and Protective

Order; or

      ii.    To ask the Court, after appropriate notice, for relief from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Testimony, or Information.

    c.    Prejudice the right of any Party to waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the designation shall no longer apply.

15.    <u>Waiver</u>.  This Protective Order is not, and shall not be interpreted as, a waiver by any Party of any right to claim in this Action or otherwise, that the documents or information are privileged or otherwise undiscoverable.

In particular, the Parties do not waive, and expressly retain the right to assert in this Action or other investigation or lawsuit, the application of any common law or statutory privileges or any theory of immunity from disclosure of the Confidential Material, in whole or in part, or in any form, and any other confidential information:

    a.    Nothing in this Protective Order shall preclude a Party from seeking and obtaining, on an appropriate showing, additional protection (or relief from protection) with respect to the confidentiality of information or documents produced in this Proceeding. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding has concluded.

    b.    Nothing in this Protective Order is to be construed or used as a waiver of any rights or procedural or evidentiary objections or privileges under either the applicable Federal Rules of Civil Procedure or the Federal Rules of Evidence.

16.    <u>Modification</u>.

    a.    Any Order hereon may be modified by a writing signed by all of the Parties' attorneys of record, subject to approval by the Court.

    b.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or sua sponte in the interests of justice or for public policy

1 reasons, at any time in these proceedings. The Parties respectfully request that the Court provide them with notice of the Court's intent to modify this Order and the content of those modifications, prior to entry of such order.

  a. Any Party to the Proceeding or other person subject to the terms of this Stipulation and Protective Order may ask the Court, after appropriate notice, to modify or grant relief from any provision of this Stipulation and Protective Order.

  17. <u>Counterparts</u>. This Stipulation and Protective Order may be executed in counterparts, including by digital signature or facsimile, each of which shall be deemed an original, and all of which shall constitute one document.

  18. After this Stipulation and Protective Order has been signed by counsel for all Parties, Plaintiff shall be file it with the Court for entry. The Parties agree to be bound by the terms set forth herein with regard to any Confidential Materials that are produced before the Court enters an Order hereon. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry by the Court, so as to allow for immediate production of Confidential Materials under and subject to the terms hereof.

  19. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such different Protective Order.

  SO STIPULATED.

DATED: September 26, 2025  EVANGELINE FISHER GROSSMAN LAW

By:  */s/ Tonna K. Faxon*
  EVANGELINE F. GROSSMAN
  TONNA K. FAXON
Attorneys for Plaintiffs DAVID PERRY ASHTON and MARY JANE ASHTON

WOOD, SMITH, HENNING & BERMAN LLP
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925.222.3400 ♦ FAX 925.356.8250

DATED: September 29, 2025          WOOD, SMITH, HENNING & BERMAN LLP

By: ____*/s/ Adriana G. Valdez*____
    CARLA N. BRAUNSTEIN
    ADRIANA G. VALDEZ
Attorneys for Defendant ALACRITY SOLUTIONS GROUP, LLC

DATED: September 29, 2025          DKM LAW GROUP, LLP

By: ____*/s/ Keri L. Salet*____
    JOSHUA N. KASTAN
    KERI L. SALET
Attorneys for Defendant AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY

# EXHIBIT A

## CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIALS

I, _____ [Name, Position, and Employer], hereby acknowledge and agree that I am about to receive Confidential Materials supplied in connection with the Proceeding, Case No. 1:25-cv-00643-KES-BAM, filed before the United States District Court, Eastern District of California, Fresno Division. I understand that the said Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in the Proceeding, to which this Certification is attached as Exhibit A. I have been given a copy of the Stipulation and Protective Order, I have read and understand it, and I agree to be bound by its terms.

I understand that Confidential Materials, including any notes or other records that may be made regarding any such Materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _____, 20___, at _____ [city], _____ [state].

By: _____
Signature

_____
Printed Name

_____
Address

_____
Telephone Number

**ORDER**

The Court has reviewed the Stipulation and Protective Order filed by Plaintiffs David Perry Ashton and Mary Jane Ashton ("Plaintiffs") and Defendants American Family Connect Property and Casualty Insurance Company and Alacrity Solutions Group, LLC ("Defendants") through their counsel of record, requesting that the Court enter an Order.

Having considered the above stipulation, and finding good cause, the Court adopts the signed stipulation and protective order, (Doc. 12), subject to the following:

Page 13, lines 18-20: "To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding has concluded." is hereby struck and replaced with "To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, **up to and until the termination of this action.**"

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated: **September 29, 2025**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE